UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00683  LJO JLT<br><br>ORDER TO DEFENDANTS TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE REMANDED SUA SPONTE TO THE KERN COUNTY SUPERIOR COURT FOR LACK OF JURISDICTION |

　　　　On May 8, 2014, Defendants filed a notice of removing this action to this Court.  (Doc. 2)  In doing so, they admit that there is not diversity jurisdiction and it is plain the underlying complaint does not raise a claim under federal law or treaty or under the United States Constitution.  Despite this, the notice of removal indicates the matter is properly brought in this Court based upon other matters Plaintiff is pursuing which rely upon the same factual grounds.  As support for the removal, Defendants rely upon 28 U.S.C. 1331 and 1441(b) and (c).  However, it not clear to the Court how any of these section confer jurisdiction here.

**I.　　Removal jurisdiction**

　　　　Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987).  Specifically,

1

>Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004) quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("'[L]ack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.'").

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d

1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

## ORDER

Because it appears the Court lacks jurisdiction over this matter, the Court **ORDERS**:

1. **No later than May 16, 2014**, Defendants **SHALL** show cause in writing why the matter should not be remanded to the Kern County Superior Court for lack of jurisdiction.

**Failure to comply with this order will result in an immediate order remanding the matter to the Kern County Superior Court.**

IT IS SO ORDERED.

Dated:   **May 9, 2014**                    /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE